**MACK FINANCIAL CORPORATION, Plaintiff and Respondent,**

v.

**NEVADA MOTOR RENTALS, INC., et al., Defendants and Appellant.**

No. 13603.

Supreme Court of Utah.

Dec. 6, 1974.

---

Lorin N. Pace, Salt Lake City, Robert Digby, Phoenix, Ariz., for defendants-appellants.

Wendell E. Bennett of Strong & Hanni, Salt Lake City, for plaintiff-respondent.

ELLETT, Justice:

Nevada Motor Rentals, Inc., hereinafter referred to as Nevada, appeals from an adverse judgment and particularly from a refusal of the court to dismiss for lack of personal jurisdiction over it. It is a foreign corporation, not authorized to do business in Utah. Its business is renting or leasing trucks, tractors, and trailers.

Mack Financial Corporation, hereinafter referred to as Financial, is a wholly-owned subsidiary of Mack Trucks, Inc., a Delaware corporation, and is authorized to do business in Utah.

In August, 1967, and again in January, 1968, Mack Trucks, Inc., sold to Nevada some trucks on conditional sales contracts. The sales were made in Denver, Colorado, and the contracts and all rights thereunder were assigned by the seller to Financial. Nevada experienced difficulty in making payments as required by the contracts and requested an extension of time. This request was granted, and prices and terms were adjusted on a printed form which was signed by Nevada in Denver, Colorado.

Nevada still had financial difficulties and made arrangements with Scott Trucking, a business entity in Boise, Idaho, to take the trucks and to assume the payments as they came due. The original conditional sales contracts forbade an assignment by Nevada without the permission of the seller or its assignee. An officer of Nevada came to Utah to request consent to the assignment. Financial made its own investigation of Scott Trucking, prepared assignments on its own forms, took them to Boise, Idaho, to be signed by Scott Trucking, and then to Denver, Colorado, where Nevada signed. It then consented in writing to the assignments. Scott Trucking failed to make the payments as required, and Financial took possession of the trucks in Denver, Colorado.

This action was then commenced in Utah against Nevada and others. Nevada timely moved to dismiss for lack of jurisdiction over it by the court.

Other than the above, the only activity of Nevada in Utah claimed by Financial is that the trucks had been driven over Utah highways.

Financial claims, and the court held, that the activities enumerated above did constitute the doing of business so as to give the courts of Utah jurisdiction over Nevada under our long arm statute.[1]

The driving of a motor vehicle over Utah highways will give jurisdiction over a nonresident in cases where damages

1. Sections 78-27-24 and 78-27-25, U.C.A. 1953, (1973 Pocket Supplement).

result therefrom, but it is not in and of itself "doing business within this state."

The words "transaction of business within this state" are defined by our statute [2] to mean "activities of a nonresident person, his agents, or representatives in this state which affect persons or businesses within the state of Utah."

This court had occasion to set forth the activity which would constitute the doing of business in Utah in the case of Hill v. Zale Corporation.[3]

Applying the requirements therein set forth leads us to conclude that Nevada was not doing any business in Utah which would give our courts jurisdiction over it by way of the long arm statutes. The judgment, therefore, must be and it is hereby reversed. Costs are awarded to the respondent.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.

2. Section 78–27–23, U.C.A.1953 (1973 Pocket Supplement).

3. 25 Utah 2d 357, 482 P.2d 332 (1971).